Opinion by RAO, C. J.  In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 69657.**—Montgomery Ward & Company v. United States, protest 64/12678 (Los Angeles).

Opinion by RAO, C.J.  In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 69658.**—The Buhler Corp. and Gehrig, Hoban & Co., Inc., et al. v. United States, protests 64/8483, etc. (New York).

Opinion by RAO, C.J.  In accordance with stipulation of counsel that the merchandise consists of parts essential to and dedicated to use with food preparing machines similar in all material respects to those the subject of *Standard Milling Co.* v. *United States* (50 Cust. Ct. 53, C.D. 2388), the claim of the plaintiffs was sustained.

**No. 69659.**—The Buhler Corp. and Gehrig, Hoban & Co., Inc. v. United States, protests 64/12250, 64/12247, and 64/11474 (New York).

Opinion by RAO, C.J. In accordance with stipulation of counsel that the merchandise consists of parts essential to and dedicated to use with food preparing machines similar in all material respects to those the subject of *Standard Milling Co.* v. *United States* (50 Cust. Ct. 53, C.D. 2388), the claim of the plaintiffs was sustained.

**No. 69660.**—Israel Menchaca *v.* United States, protest 321370–K (Laredo).

FORD, Judge: The merchandise involved herein consists of lithographed paper postcards bearing an embroidered design of rayon yarn superimposed thereon. Duty was assessed at the rate of 45 per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as articles in chief value of rayon, ornamented.

The case was originally submitted for decision at Laredo, Tex., on a stipulation of facts by counsel. After plaintiff's brief had been filed, the stipulation was set aside at the request of the defendant, and the case was restored to the calendar.

At the hearing of this case at Laredo, Tex., the testimony of two witnesses for the defendant was presented. Upon the record as thus made, plaintiff contended, first, that the shipment was a nonimportation because it was reexported the day following alleged entry, but that, if dutiable, the merchandise should be properly assessable at the rate of 5 cents per pound under paragraph 1406 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as lithographic paper postcards over 0.020 inch thick. Thereafter, briefs for the respective parties were filed, and this court rendered its decision in favor of the plaintiff, rejecting the issue of nonimportation and also overruling the collector's classification of the merchandise under paragraph 1529(a), holding that the merchandise was properly dutiable under paragraph 1406 at 5 cents per pound, as claimed by plaintiff, *Israel Menchaca* v. *United States*, 48 Cust. Ct. 276, C.D. 2349.

Counsel for defendant thereafter filed a motion for rehearing on the ground that paragraph 1406 should not have been invoked for the classification of an article which was not in chief value of paper, lithographically printed.

At such rehearing, the judgment was vacated and set aside, and the case was set for later hearing on oral argument (Abstract 67208). At this later hearing, the court granted plaintiff's motion to amend its protest to include the following claims:

1. Paragraph 1410 of the Tariff Act of 1930, as postcards, not including American views, decorated, at 15 per centum ad valorem; or, alternatively, under the same paragraph, as greeting cards and other cards, at 15 per centum ad valorem;

2. Paragraph 1413 of said tariff act, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, as manufactures of paper, at 17½ per centum ad valorem.

3. Paragraph 1410 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as greeting cards and all other social and gift cards, with or without greeting, title, or other wording, at either 14 per centum or 21 per centum ad valorem; or.

4. Paragraph 1558 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles manufactured in whole or in part, not specially provided for, at 10 per centum ad valorem.